UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES HELENTHAL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:08-CV-1791 (CEJ) |
| CHARLES E. POLK, JR., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the separate motions of defendants Lathrop & Gage, L.C.,[1] and Charles Polk to dismiss plaintiff's claims, pursuant to Rule 12(b) Fed.R.Civ.P. The Court will separately address the motion filed by defendant Gilbert Boyce to dismiss for lack of personal jurisdiction and the motions for sanctions filed by Lathrop & Gage and Boyce.

I.  **Background**

In September 2001, plaintiff James Helenthal hired defendant Lathrop & Gage to represent his company, Tri-State Shopper, Inc., in an antitrust case. Lathrop & Gage assigned one of its attorneys, defendant Charles Polk, to work on the case. Thereafter, Polk and plaintiff entered into a venture known as "Fairness for OKC." The ostensible purpose of this venture was to seek federal compensation for victims of the April 19, 1995, bombing of the Alfred P. Murrah Federal Building in Oklahoma City, comparable to that received by the victims of the World Trade Center attacks of September 11, 2001. The scheme called for Polk and plaintiff to solicit clients on a

---

[1]When plaintiff filed this action on November 19, 2008, he named "Lathrop & Gage, L.C." The law firm has since registered as a limited liability partnership and is known as Lathrop & Gage LLP.

contingency basis.[2]  Plaintiff paid Polk $385,000 to join the venture.  The venture fell apart when Lathrop & Gage questioned the ethics of the scheme.

Litigation ensued: First, on July 18, 2002, Polk filed an action against Helenthal in the United States District Court for the District of Columbia, claiming that Helenthal had breached an agreement to hire him as General Counsel.  Polk v. Helenthal, No. 1:02CV1438 PLF (D.D.C. 2002).  Polk was represented in that action by defendant Gilbert Boyce.  Polk's suit was dismissed for failure to prosecute.

On July 25, 2002, Helenthal filed suit against Polk and his wife in the Circuit Court of St. Louis County to recover the funds he had provided for the OKC scheme. Helenthal v. Polk, No. 02CC-2898 (Helenthal I).  On July 26, 2002, Helenthal filed suit against Lathrop & Gage in the Circuit Court for St. Louis City, alleging in part that the law firm was vicariously liable for Polk's actions.  Helenthal v. Lathrop & Gage, No. 024-01668 (Helenthal II).  Lathrop & Gage was granted leave to intervene in Helenthal I to protect its interest in funds Helenthal paid for legal services provided by Polk. Default was entered against the Polks in Helenthal I and the case went to trial on damages.  On March 31, 2006, Helenthal was awarded more than $3.5 million in damages in his claims against the Polks.  The circuit court also held that Polk was not acting as Lathrop & Gage's agent in his ventures with Helenthal.  The Missouri Court of Appeals affirmed.  Helenthal v. Polk, No. ED88115 (Mo. Ct. App. Sept. 11, 2007).

Following affirmance of the judgment in Helenthal I, Lathrop & Gage moved for summary judgment in Helenthal II, contending that plaintiff was collaterally estopped from relitigating the issues found in favor of Lathrop & Gage in Helenthal I.  The

---

[2]Polk promised to split legal fees with plaintiff, although plaintiff is not an attorney and such an arrangement was not legal in Missouri, where Polk was licensed to practice law, or Washington, D.C., where Polk worked.

-2-

motion was granted with respect to Helenthal's claims that Lathrop & Gage was vicariously liable for Polk's fraud or improperly charged Helenthal for legal services; the motion was denied with respect to Helenthal's claims for negligent hiring, negligent supervision and loss of consortium. Helenthal v. Lathrope [sic] & Gage, L.C., No. 024-01668, Order and Partial Judgment (St. Louis City, Nov. 7, 2007). Helenthal voluntarily dismissed the remaining claims and filed an appeal of the partial judgment. The Missouri Court of Appeals affirmed the trial court's judgment. Helenthal v. Lathrop & Gage, L.C., No. ED90829 (Mo. Ct. App. Oct. 7, 2008).

On March 28, 2008, Helenthal filed the first of two federal lawsuits in this district: Helenthal v. Lathrop & Gage, L.C., No. 4:08-CV-431 CEJ (Helenthal III). Lathrop & Gage served Helenthal's lawyer with a motion for sanctions and Helenthal voluntarily dismissed his action without prejudice on June 27, 2008. Helenthal filed this substantively similar action on November 19, 2008.

Plaintiff asserts the following claims: In Counts 1 and 3, plaintiff asserts claims for "abuse of litigation"[3] against defendants Polk and Boyce arising from the 2002 breach-of-contract action. In Count 2, plaintiff alleges that Lathrop & Gage was negligent in its hiring and supervision of Polk and in failing to assist plaintiff to recover the money he paid to Polk for legal fees and the OKC venture. In Count 4, plaintiff alleges that Lathrop & Gage is vicariously liable for all damages caused by Polk's misconduct and seeks invalidation of the contrary judgment in Helenthal II as violating his constitutional rights. In Count 5, plaintiff alleges that Lathrop & Gage contributed to Polk's malicious prosecution by refusing to provide him a credit for legal fees he paid for work on the antitrust case. In Count 6, plaintiff seeks a declaration that he is

---

[3] Defendants characterize this claim as one for malicious prosecution. Plaintiff does not contest this construction which the Court accordingly adopts.

entitled to enforce the judgment of restitution entered against Polk in his federal criminal conviction.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 556.

When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). It may, however, consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings. Id.; see also Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003) (in deciding motion to dismiss, court may consider the complaint and documents

whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading) (citation omitted). In ruling on the pending motions, the Court has considered the state court orders in Helenthal I and II, the complaint in Polk v. Helenthal, No. 1:02CV1438, and the court record in Helenthal III. These documents are public records necessarily embraced by the pleadings that the Court may consider without treating the dismissal motions as motions for summary judgment under Rule 12(d).

### III. Discussion

Defendants argue that plaintiff's claims are barred by the Rooker-Feldman doctrine, by *res judicata*, by operation of Rule 41(a)(1)(B), and by the statute of limitations.

The Rooker-Feldman doctrine prohibits lower federal courts from exercising appellate review of state court judgments. Skit Intern., Ltd. v. DAC Technologies of Arkansas, Inc., 487 F.3d 1154, 1156-57 (8th Cir. 2007) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). The United States Supreme Court is the only federal court empowered to exercise appellate review of state court judgments, except for habeas petitions. Id. A district court is not deprived of jurisdiction over every case in which a plaintiff seeks a result different from the one it obtained in state court. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). "Rather, Rooker-Feldman is implicated in that subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it." Skit Intern., 487 F.3d at 1157. In Count 4, plaintiff complains that the state court judgments in Helenthal II are invalid. This falls within the ambit of the Rooker-

Feldman doctrine; the Court lacks jurisdiction over this claim and Count 4 is dismissed in its entirety.

Plaintiff seeks to hold Lathrop & Gage vicariously liable for Polk's conduct and to recover legal fees he paid to the law firm for Polk's services. Lathrop & Gage argues that this claim is precluded by the doctrine of *res judicata*. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. See Johnson v. City of Shorewood, Minnesota, 360 F.3d 810, 818 (8th Cir. 2004). Under Missouri law, a prior judgment bars a subsequent claim arising out of the same group of operative facts "even though additional or different evidence or legal theories might be advanced to support" the subsequent claim. Misischia v. St. John's Mercy Health Systems, 457 F.3d 800, 804 (8th Cir. 2006) (citing Chesterfield Village v. City of Chesterfield, 64 S.W.3d 315, 320 (Mo. 2002)(*en banc*)). In this case, the vicarious liability and improper billing claims have been fully litigated in the Missouri courts in Helenthal I and Helenthal II, and the Missouri Court of Appeals has already ruled that Helenthal's claims against Lathrop & Gage are collaterally estopped. Thus, any independent claims for vicarious liability in Count 4 and reimbursement of legal fees in Count 5 will be dismissed.

Plaintiff's negligent hiring and negligent supervision claims in Count 2 are barred by operation of Rule 41(a)(1)(B). Plaintiff asserted negligence claims against Lathrop & Gage in Helenthal II and in his first federal law suit. See Helenthal v. Polk, 4:08-CV-431 CEJ, Complaint at ¶¶ 85, 87. Plaintiff voluntarily dismissed the claims in Helenthal II after partial summary judgment was entered against him in that case. He also dismissed his first federal law suit, as was his right to do. See Rule 41(a)(1)(A)(i) (plaintiff may dismiss action without court order by filing a notice of dismissal before opposing party serves answer or summary judgment motion). The effect of that

second dismissal is governed by Rule 41(a)(1)(B), which provides that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Plaintiff's dismissal of his first federal action accordingly resulted in an adjudication on the merits of his negligence claims against Lathrop & Gage and he cannot relititigate them. See Engelhardt v. Bell & Howell Co., 299 F.2d 480 (8th Cir. 1962) (applying Rule 41(a)(1)).

In Counts 1 and 3, plaintiff alleges that defendants Polk and Boyce committed "abuse of litigation," which the Court construes as a claim for malicious prosecution, by naming him in the breach of contract action; in Count 5, plaintiff alleges that Lathrop & Gage contributed to the tortious conduct. Lathrop & Gage argues that any claim for malicious prosecution is time-barred under § 516.140, Mo.Rev.St. (setting two-year period to bring malicious prosecution action). A cause of action for malicious prosecution accrues when the litigation complained of is terminated in favor of the defendant. Shinn v. Bank of Crocker, 803 S.W.2d 621, 627 (Mo. Ct. App. 1990). The litigation is deemed terminated when: (1) a final judgment is entered on the merits; (2) the action is dismissed by the court with prejudice; or (3) the action is abandoned. Doyle v. Crane, 200 S.W.3d 581, 585 (Mo. Ct. App. 2006). In this case, Polk's case was dismissed without prejudice on June 24, 2004, for failure to prosecute. Thus, it was abandoned on that date and plaintiff had until June 24, 2006, to file a malicious prosecution claim.[4]

Plaintiff argues that his cause of action did not accrue until Polk's ability to assert the breach of contract claim was foreclosed by the running of the statute of

---

[4]The Court notes that, on July 11, 2005, plaintiff amended his petition in Helenthal II to add a claim for malicious prosecution against Kutak Rock. Plaintiff offers no explanation for his failure to bring the claim with respect to Lathrop & Gage, already a defendant in the case, at the same time.

limitations.  Under the law of the District of Columbia, Polk had three years from the time his claim accrued to file suit.  D.C. Code Ann. § 12.301(7) (setting three-year limitation period for actions on contracts).[5]  Plaintiff adopts the date on which Polk filed his action -- July 18, 2002 -- as the latest possible date on which the breach could have occurred.  Polk's claim expired three years later on July 18, 2005,[6] starting the two-year limitations period on plaintiff's malicious prosecution claim.  Plaintiff did not file suit until 2008 and his claim is time-barred.

In Count 6, plaintiff seeks a declaration that he can enforce the judgment for restitution entered against Polk in the criminal case.  This is not a claim that can be raised in this civil action against any of the named defendants and the claim will be dismissed in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Lathrop & Gage, L.C., to dismiss [Doc. #17] is **granted**.

**IT IS FURTHER ORDERED** that the motions of defendant Charles Polk to dismiss [Docs. #8 and #9] are **granted**.

*[signature: Carol E. Jackson]*

---

[5]Helenthal argues that Missouri's five-year statute of limitations applies to Polk's breach-of-contract claim.  The Court disagrees: Polk brought the action in the District of Columbia.  He alleged that the contract was formed in the District, that he performed services under the contract in District, and that the parties agreed that the contract would be governed by the law of the District.

[6]The statute of limitations was tolled during the pendency of Polk's lawsuit, but the dismissal for failure to prosecute "wiped out" the tolling effect and "the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing."  Ciralsky v. C.I.A., 355 F.3d 661, 672 (App. D.C. 2004).

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2010.