UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES HELENTHAL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:08-CV-1791 (CEJ) |
| CHARLES E. POLK, JR., et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Gilbert Boyce to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(1), Fed.R.Civ.P. Plaintiff has filed a response in opposition to the motion, and the issues are fully briefed.

I. **Background**

In September 2001, plaintiff James Helenthal retained the law firm Lathrop & Gage to represent his company, Tri-State Shopper, Inc., in an antitrust case in Illinois. Lathrop & Gage assigned one of its attorneys, Charles Polk, to work on the case. Polk and Helenthal separately entered into a venture ostensibly to obtain federal compensation for victims of the April 19, 1995, bombing of the Alfred P. Murrah Federal Building in Oklahoma City. Plaintiff paid Polk $385,000 to join the venture. The venture fell apart amid ethical questions regarding Polk's actions.

Defendant Gilbert Boyce resides in Maryland and is an attorney employed by the law firm Kutak Rock, L.L.P., in Washington, D.C. On July 18, 2002, Polk filed a breach of contract suit against plaintiff Helenthal; Boyce represented Polk in that action. The action was dismissed for failure to prosecute. Plaintiff has filed four lawsuits in Missouri arising from his failed venture with Polk. Boyce entered his appearance *pro hac vice* in connection with one of those cases and attended two depositions in

Missouri. In the present case, and as relevant to Boyce's motion, plaintiff asserts claims of malicious prosecution against Polk and Boyce.

II. **Discussion**

"Once a defendant has challenged a federal court's jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists." Burlington Indus., Inc. v. Maples Indus. Inc., 97 F.3d 1100, 1102 (8th Cir. 1996) (quoting Falkirk Mining Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990)). To survive a motion to dismiss for lack of personal jurisdiction, however, "the plaintiff need only make a *prima facie* showing of personal jurisdiction over the defendant." Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). To determine whether the plaintiff has made such a showing, "the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." Id. When a district court's jurisdiction over a defendant is challenged, "the court may inquire, by affidavits or otherwise, into the facts as they exist." Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998) (quoting Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)).

Two prerequisites must be met to establish personal jurisdiction over a nonresident defendant. The forum state's long-arm statute must be satisfied and the due process clause must not be violated. St. Jude Medical, Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 591 (8th Cir. 2001). Missouri has construed its long-arm statute to confer jurisdiction to the fullest extent permitted by the United States Constitution. See FDIC v. Malmo, 939 F.2d 535, 537 (8th Cir. 1991); State *ex rel.* Newport v. Wiesman, 627 S.W.2d 874, 876 (Mo. 1982). Because the Missouri long-arm statute confers jurisdiction to the limits of due process, the single issue in this case is whether the exercise of personal jurisdiction over Boyce violates due process. See Lakin v.

Prudential Securities, Inc., 348 F.3d 704, 707-08 (8th Cir. 2003); Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002).

Due process requires that there be sufficient "minimum contacts" between the nonresident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Sufficient minimum contacts exist when the "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp., 444 U.S. at 297. In assessing the defendant's reasonable anticipation, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another or a third person.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." Id. Determining whether a "substantial connection" has been met requires the analysis of five factors:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

Land-O-Nod Co. v. Bassett Furniture Indus., Inc., 708 F.2d 1338, 1340 (8th Cir. 1983). "The first three factors are of primary importance, and the last two are

'secondary factors.'" Austad Co. v. Pennie & Edmonds, 823 F.2d 223, 226 (8th Cir. 1987).

There are two broad types of personal jurisdiction: specific jurisdiction and general jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984); Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 819 (8th Cir. 1994). General jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose. Helicopteros, 466 U.S. at 414. For general jurisdiction to exist, the non-resident defendant must be engaged in "continuous and systematic contacts" within the forum. Id. at 416. "In this situation the forum state has no direct interest in the specific cause of action asserted. Accordingly, contacts of a more extensive quality and nature are required." Dalton v. R & W Marine, Inc., 897 F.2d 1359, 1362 (5th Cir. 1990). There is no evidence that defendant Boyce has engaged in "continuous and systematic contacts" with Missouri and, thus, no general jurisdiction exists.

Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state. Helicopteros, 466 U.S. at 414. Specific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004). The cause of action must "'arise out of' or 'relate to' a defendant's activities within a state." Lakin v. Prudential Sec., Inc., 348 F.3d 704, 707 (8th Cir. 2003) (quoting Burger King Corp., 471 U.S. at 472). Specific jurisdiction may not be exercised where none of the actions complained of occurred within or had any connection to the forum state. Sondergard v. Miles, Inc., 985 F.2d 1389, 1392 (8th Cir. 1993).

Giving due consideration to the enumerated factors, the Court concludes that Boyce's contacts with the forum are only tangentially related to the cause of action that plaintiff asserts against him and are insufficient to satisfy the requirements of due process. There is no evidence before the Court that Boyce conducted litigation activities in this forum in relationship to the allegedly tortious lawsuit filed in Washington, D.C. See <u>Porter v. Berall</u>, 293 F.3d 1073, 1076 (8th Cir. 2002)(lawyers' contacts with forum did not justify exercise of personal jurisdiction).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Gilbert Boyce to dismiss for lack of personal jurisdiction [Doc. #22] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2010.