UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES HELENTHAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08-CV-1791 (CEJ) |
| ) | |
| CHARLES E. POLK, JR., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the separate motions of defendants Lathrop & Gage, L.C.,[1] and Gilbert Boyce for sanctions against plaintiff's counsel, James E. Hullverson, Jr., under Rule 11, Fed.R.Civ.P. Hullverson has filed a response in opposition and the issues are fully briefed.

This action is the fourth lawsuit that Mr. Hullverson has filed on behalf of James Helenthal. In September 2001, Helenthal engaged defendant Lathrop & Gage to represent his company in antitrust litigation. Defendant Charles Polk was the attorney assigned to Helenthal's case. Thereafter, Polk and Helenthal formed a venture to obtain federal compensation for victims of the 1994 bombing of the federal building in Oklahoma City. Helenthal paid Polk $385,000 to join the scheme which ultimately failed.

Litigation ensued: First, Polk filed an action against Helenthal in the United States District Court for the District of Columbia, alleging that Helenthal had breached an agreement to hire him as general counsel. Polk v. Helenthal, No. 1:02CV1438 PLF

---

[1] When plaintiff filed this action on November 19, 2008, he named "Lathrop & Gage, L.C." The law firm has since registered as a limited liability partnership and is known as Lathrop & Gage LLP.

(D.D.C. 2002). Polk was represented in that action by defendant Gilbert Boyce. The case was dismissed for failure to prosecute.

On July 25, 2002, Helenthal filed suit against Polk and his wife in the Circuit Court of St. Louis County to recover the funds he had provided for the scheme. Helenthal v. Polk, No. 02CC-2898 (Helenthal I). On July 26, 2002, Helenthal filed suit against Lathrop & Gage in the Circuit Court for St. Louis City, alleging in part that the law firm was vicariously liable for Polk's actions. Helenthal v. Lathrop & Gage, No. 024-01668 (Helenthal II). Lathrop & Gage was granted leave to intervene in Helenthal I to protect its interest in funds Helenthal paid for legal services provided by Polk. Default was entered against the Polks in Helenthal I and the case went to trial on damages. On March 31, 2006, Helenthal was awarded more than $3.5 million in damages in his claims against the Polks. Critically, the circuit court also held that Polk was not acting as Lathrop & Gage's agent in his ventures with Helenthal. The Missouri Court of Appeals affirmed. Helenthal v. Polk, No. ED88115 (Mo. Ct. App. Sept. 11, 2007).

Following affirmance of the judgment in Helenthal I, Lathrop & Gage moved for summary judgment in Helenthal II, contending that plaintiff was collaterally estopped from relitigating the issues found in favor of Lathrop & Gage in Helenthal I. The motion was granted with respect to Helenthal's claims that Lathrop & Gage was vicariously liable for Polk's fraud or improperly charged Helenthal for legal services; the motion was denied with respect to Helenthal's claims for negligent hiring, negligent supervision and loss of consortium. Helenthal v. Lathrope [sic] & Gage, L.C., No. 024-01668, Order and Partial Judgment (St. Louis City, Nov. 7, 2007). Helenthal voluntarily dismissed the surviving claims and filed an appeal of the partial judgment.

The Missouri Court of Appeals affirmed the trial court's judgment. Helenthal v. Lathrop & Gage, L.C., No. ED90829 (Mo. Ct. App. Oct. 7, 2008).

On March 28, 2008, Helenthal filed the first of two federal lawsuits in this district: Helenthal v. Lathrop & Gage, L.C., No. 4:08-CV-431 CEJ (Helenthal III). Lathrop & Gage served Hullverson, as Helenthal's lawyer, with a motion for sanctions and the action was voluntarily dismissed without prejudice on June 27, 2008. On November 19, 2008, Hullverson filed this substantively similar action on Helenthal's behalf, bringing claims of malicious prosecution, negligent hiring and supervision and vicarious liability.

On February 9, 2009, the Court dismissed plaintiff's claims against all defendants, finding that the claims were barred by the Rooker-Feldman doctrine, by *res judicata*, by operation of the Rule 41(a)(1)(B), and by the statute of limitations. The Court dismissed the complaint with respect to defendant Boyce for lack of personal jurisdiction.

### Discussion

By presenting a pleading to the Court, the filing attorney represents that, "to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances," the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). The attorney similarly certifies that the claims are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing the law." Fed. R. Civ. P. 11(b)(2).

"[T]he central purpose of Rule 11 is to deter baseless filings in the district court." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). In service to this purpose, Rule 11 requires an attorney to conduct a reasonable inquiry of the factual

and legal basis for a claim before filing.  Coonts v. Potts, 316 F.3d 745, 753 (8th Cir. 2003).

In this case, attorney Hullverson filed all four lawsuits on behalf of Helenthal and thus had familiarity with the legal and factual basis of the claims.  Two state circuit courts have rejected the contention that Lathrop & Gage was liable for Polk's actions; these judgments were each affirmed by the Missouri court of Appeals.  Hullverson's attempt to have a federal court invalidate the state court judgments is patently frivolous.  The complaint in this case thus violates the requirement found in Rule 11(b)(2) that claims be warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law.  In addition, Hullverson should have been aware that the prior adjudications and voluntary dismissals precluded his claims.  These circumstances strongly suggest that Hullverson's actions were taken for an improper purpose in violation of Rule 11(b)(1).  Defendants' motions for sanctions will be granted.

A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct . . .  The sanction may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Rule 11(c).  An award of the fees expended by defendants Lathrop & Gage, L.C., and Gilbert Boyce to defend themselves in this action is appropriate to deter repetition of the conduct.  The court may not impose a monetary sanction "against a represented party for violating Rule 11(b)(2)," id., and the sanction will be imposed upon James E. Hullverson, Jr., and his law firm, Hullverson and Hullverson, L.C.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Lathrop & Gage, L.C., for sanctions [Doc. #11] is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant Gilbert Boyce for sanctions [Doc. #33] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **March 8, 2010**, defendants Lathrop & Gage, L.C., and Gilbert Boyce shall file verified statements of the attorney's fees and expenses they incurred in connection with this case. The statements must provide sufficient detail to enable the Court to determine the reasonableness of the requests.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2010.