UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES HELENTHAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08-CV-1791 (CEJ) |
| ) | |
| CHARLES E. POLK, JR., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On February 22, 2010, the Court granted the motions of defendants Lathrop & Gage LLP and Gilbert Boyce for imposition of sanctions against plaintiff and his counsel, pursuant to Rule 11, Fed.R.Civ.P. The Court directed defendants to submit verified statements of the attorney's fees and expenses that they incurred in connection with the case.[1] Defendants have submitted the necessary statements. Lathrop & Gage seeks $19,012.39 in attorney's fees for work completed by Armstrong Teasdale and $46,789.50 for work completed by in-house lawyers. Lathrop & Gage also seeks $4,508.33 for expenses. Defendant Boyce seeks $51,573.50 for attorney's fees and $902.09 for expenses.

### Lathrop & Gage

Lathrop & Gage has submitted detailed billing records for work done by retained counsel Armstrong Teasdale. The Eighth Circuit has already approved the hourly rates requested by counsel for Lathrop & Gage and this Court will do the same.

---

[1]On January 19, 2011, the Eighth Circuit Court of Appeals ordered plaintiff to pay defendant Lathrop & Gage LLP $26,422.50 in attorney's fees and $186.00 in double costs, pursuant to Rule 38, Fed.R.App.P. (addressing damages and costs for frivolous appeals).

The Court has disallowed as excessive some of the entries for reviewing the electronic docket. In addition, entries stating merely "emails" or "telephone conferences" have been disallowed as too vague to permit meaningful review. Finally, the Court has disallowed fees for clerical or secretarial tasks, such as e-filing. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999) (fees for "simple administrative tasks" disallowed); see also Torgeson v. Unum Life Ins. Co. of America, 2007 WL 433540 *5 (N.D. Iowa Feb. 5, 2007) (party not entitled to reimbursement for expenses that are part of normal office overhead) (citing Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir.2001)). The Court will award defendant Lathrop & Gage the sum of $15,815.00 in attorney's fees and $63.08 in expenses for work completed by Armstrong Teasdale.

With respect to Lathrop & Gage's in-house attorney's fees, the Court has disallowed entries for checking the online docket and excessive review of the administrative order transferring the case. The Court will award attorney's fees in the amount of $46,264.00 for work completed by in-house counsel and $4,508.33 for their expenses, for a total award to defendant Lathrop & Gage in the amount of $62,079.00 for attorney's fees and $4,568.72 for costs.

### Gilbert Boyce

Defendant Gilbert Boyce seeks attorney's fees in the amount of $51,573.50 and expenses in the amount of $902.09. The Court finds that the hourly rates sought are reasonable. The Court has disallowed billing entries for leaving telephone messages and completing administrative tasks and has eliminated some of the multiple entries for checking the court docket system to determine the status of service upon

defendant Boyce. The Court will award defendant Boyce $49,606.50 in attorneys fees and $902.09 in expenses.

Accordingly,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of this order, attorney James E. Hullverson, Jr., and Hullverson and Hullverson, LLC., shall pay to defendant Lathrop & Gage LLP $62,079.00 in attorney's fees and $4,568.72 in expenses, for a total amount of $66,647.72.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, attorney James E. Hullverson, Jr., and Hullverson and Hullverson, LLC., shall pay to defendant Gilbert Boyce $49,606.50 in attorneys fees and $902.09 in expenses, for a total amount of $50,508.59.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2011.